Good morning, your honors. Deputy Attorney General Herb Tediff on behalf of the respondent. I'd like to reserve three minutes for rebuttal. May it please the court, we're here today because the district court ordered materials sealed that were already fully available to the public. This included matters discussed in a published California Supreme Court opinion that was accessible by anyone on the Internet or in a law library. Why is this order appealable? This order is appealable because it's, well, in this court's decision in Biddecker v. Woodford, the court found that the protective order in that case was appealable. But this is different, I think, and that's why I'd like you to address it. Here we have a stipulated protective order that clearly covers on its face the materials at issue. You go back to the trial judge and you say, well, now some of this stuff has become public in the state court proceedings and we'd like it exempted. And the judge, correctly or incorrectly, says no. Isn't that different than the entrance of a protective order in the first place? Protective orders get entered all the time, and then people fight about what's under them or ought not to be under them. We don't review each of those decisions. Well, the reason why I think this should, there's two reasons why that should be, this should be addressed. These protective orders have become extremely common in the district courts, where the district courts are confused about the parameters of Biddecker v. Woodford. Well, but there wasn't any confusion here. You stipulated to a protective order, and then, as I understand it, what occurred later was that materials became public. Is that right? I disagree. No, what happened here was the materials were already public. Yeah, they were already public in the state court. It was all in the state court evidentiary hearing. Right. But you stipulated to an order that covered these materials, did you not? I disagree. We stipulated to a Biddecker protective order. Our intent here was to, was that the protective order would cover all materials that are covered by Biddecker. In the very first line of the protective order, it says, pursuant to Biddecker v. Woodford, the parties enter the stipulation. But I'm still, still confused about the appellate jurisdiction issue. Because the question is still whether or not this particular protective order covers particular materials, is it not? No. I, it's, the question is whether the district court properly sealed public materials. Well, no, but let me, if you phrase it that way, sure. But you entered into a protective order, and then you went back to the district judge and you said, this stuff ought not be subject to the protective order, right? Well, no, we didn't say it shouldn't be. We said it wasn't subject to the protective order. Okay. Fair enough. It wasn't subject to the protective order, and the judge said, yes, it is. Yeah, and, and. So why is that different than the disputes we have about protective orders all the time? Because in this case, we are, the result of it is that we are sealing public materials in a death penalty case in the Federal District Court.  But that's the merits. That's the merits. I'm still focusing on appellate jurisdiction. Why, why should we review a, a particular order in a particular case about whether a particular piece of material is subject to a stipulated protective order? If that happens, aren't we going to be, I mean, on the civil side, we're going to be dealing with these lawyers all the time fighting about whether or not a document should have been protected or not protected. Well, under the collateral order review doctrine, one of the factors you look at is whether there's significant public interest that's involved. And here, there is a significant public interest. It's the, the, we're talking about the wholesale sealing of privileged materials in a death penalty case, which is essentially keeping a death penalty case secret and excluding the public. Well, it's not secret. I mean, that's, I guess the second half of my question is, it's really not secret. It's how, you can, you can go do a newspaper article tomorrow with all the public stuff, can't you? Well, what is, what, what is secret is the manner in which the Federal District Court is resolving the habeas corpus litigation. The actual privileged material is available. But if the district court in this case either grants relief or denies relief, and there are, and some of the proceedings are conducted in secret, then the public has no idea why we've reached that conclusion. Well, and that's why we're getting, I keep coming back to the appellate jurisdiction issue. What we have here is a, is a document, a protective order that seals documents at some point during the proceedings. The judge is always free, if he's going to make a decision based on those documents, one way or the other, to, to unseal them, is he not? I'm sorry, I don't understand. Sure. The judge, there's no decision was made on these, on, on, in, in the underlying habeas. In the underlying proceeding, the judge had not either granted or denied relief, correct? In the underlying proceeding, it, I'm sorry, in. In the proceeding. In the district court. In the district court. In the proceeding in which the, in the proceeding in which the documents were subject to the protective order, according to the judge, and therefore sealed, no final decision has been reached. That's correct. And if a decision is reached, isn't the judge free to unseal, indeed, probably obligated to unseal the documents if he bases a decision on them? The, the problem, there, there's several problems with that. First of all, let's assume that there's an evidentiary hearing conducted in this case. While the transcript of the evidentiary hearing may be unsealed, the public's actually excluded from being at the evidentiary hearing where there are no doubt privileged materials are going to be adduced. But that, that's another assumption, isn't it? All we have right now is the judge has sealed some documents, some that you don't think should be sealed. If there's an evidentiary hearing, you can make an argument to the judge that the evidence is going to be based on sealed documents that ought to be public. The judge can address that or not, not address it. This is the reason, I think, that we don't review these, these orders early on, or at least the particulars early on. Let me ask you. Go ahead. Go ahead. I'm sorry. I take it your argument, I don't, I'm not sure, but it seems to me like your argument is not attacking the original sealing order. You're looking upon this minute order as an extension or as a new sealing order that seals more than was ever agreed to in the first place. Is that correct? It seals more than it was agreed to. Correct. And, and I must say, even if the parties had agreed to sealing these materials, the Respondent's position is that the district court had an independent  The parties to a lawsuit cannot independently agree to seal the materials in the lawsuit. The district court must determine whether there's good cause or a compelling reason for sealing. And so, so in this case, there certainly was not a compelling reason to seal public materials. And as far as the jurisdictional issue, I, I just want to make clear that in Bideker, this Court found that because the protective order complicated the litigation process, increased the costs and, and the burden on the parties and increased the delay, that was a sufficient reason to review the order. Well, how does this, I was just going to ask you, how does this complicate your task in resisting or, or arguing against the Hagueis relief that the Petitioner is seeking? Well, I, I, one, one, one reason is that the Attorney General may need to communicate with the district attorney. But the district attorney, as I understand it, has all of this information. Exactly. Isn't that correct? Which shows why this ruling is ridiculous. Because under the plain terms of the ruling, if all privileged material is covered, then technically we can't speak with the district attorney about those materials when the district attorney has them. Well, the, the Court did not say that, that I'm reaching out and not allowing you to get the information somewhere else. All the cases make it perfectly clear. If the information comes to you some other way, you can get it some other way. But what we're talking about. There's no, there's no, there's nothing in this order that says that's changed. Is there? No, there's nothing in the order that says the district, district attorney can't get it elsewhere. But my point was that. No, no, anybody, nobody, nothing says you can't get it elsewhere either. Nothing says that anybody can't get it elsewhere. If there's an elsewhere. And what you're asking us to assume is if you go into the, say, to the State court system, if he squats in the State court, when you try to use the information in some other proceeding, what would the State say? We don't know the answer to that, I don't think. Well, okay. I misunderstood the Court's point. As far as the privileged materials in this case, they can never be used against Petitioner in the State court. How is that? Because the California Supreme Court in People v. Ledesma said that if privileged materials are disclosed in a State habeas proceeding to litigate ineffective assistance counsel claims, then they can never be used against the Petitioner at a future retrial. All of the privileged materials in this case were adduced at the State habeas proceeding. Therefore, under Ledesma, they can never be used. Yes, but your argument is that it should be released under the Federal proceeding. And then it won't have been released in the State proceeding. It will be released in a Federal proceeding. And what the district court has done, seemingly, we're not talking jurisdiction anymore, I think. We're talking merits. Okay. I guess we are. It seems that we segue into the merits. And if that's the case, then all the district court has done is stop materials given to it from being released to the public. It doesn't keep materials from elsewhere. So I don't understand how you're affected exactly by that. Hurt. Or how the public is hurt exactly by that. Well, okay. If I understand the Court's question, the way the public is hurt is because if the Federal proceedings are closed, then the public does not see how the death penalty litigation occurs in the district court. I understand that argument. But it's not because the Court sealed information that would have been available to everybody anyway. I take it. Well, it would be because the Court's reasoning for denying or granting relief won't be available to the public, even though those other materials are. But tell me how you're – put aside the public interest for a second. How is the State of California hurt by the sealing? The State – As a litigant. Okay. In this case, Respondent – if this Court grants relief to Respondent, Respondent gains no litigation advantage in this case at all. These privileged materials are sealed and can't be used against the public. Now, I understand how you don't get – how you don't get an advantage if we release them. My question is how you're disadvantaged if they're not released. Well, how we're disadvantaged. It requires – well, first, the parties in the case, there's going to be a burden on the parties to identify all the privileged materials and seal them. That is completely unnecessary. It serves no purpose whatsoever to seal – That just seems like an administrative matter. Well, the problem is this administrative manner has now become pervasive in the district courts. The Federal Public Defender's Office routinely brings a Federal petition, a habeas petition, to Federal court and asks to seal all the privileged matters. And there is no law that provides for the wholesale sealing of these privileged materials. So in every case, we are litigating this issue before the district courts, whether they should be sealed or not sealed. So Respondent is bringing this case to ask guidance not only in this court, but in the other courts that we're not entering these unnecessary sealing orders across the board. Can I follow up on a question Judge Fernandez asked you, too, so I understand your position? You correctly say that in State court you couldn't use these documents against the defendant. Is it also your position that if they're disclosed in the Federal proceeding that you couldn't use them against the defendant? Absolutely.  That's Biddeker, right? That's Biddeker. Biddeker's. Well, they can't be used because of State law. Right. Biddeker was there. Can they be used in the Federal proceeding against the defendant? These materials? Well, they've been produced in the Federal proceeding, yeah. That's part of the Federal process. Biddeker was concerned with whether or not they can be used in a retrial. Right. And I want to make clear that Biddeker was a narrow decision that said when privileged materials are turned over pursuant to the Federal court's order to produce discovery, then the Federal court has to control. And I guess, let me ask my question more precisely. Assume there's a retrial in State court. You can't argue that I can't, I can use these documents now because they were produced in Federal court. Not only can we not argue, we wouldn't argue that. Again, these materials could never be used against Petitioner. Because that's a good argument why there's no prejudice to the Petitioner from the disclosure of them. There's absolutely no prejudice to the Petitioner. But the only prejudice used for the State that you've identified is it's an administrative burden. What else? Well, that — For the State as a litigant. Well, it's — I don't think it's our burden to show that we're being prejudiced. Well, you're the one who's asking for us to invoke the collateral order doctrine in order to review your case. Because this issue is pervasive among the district courts. Okay. So that's somehow burdensome. That's somehow a reason why we should exercise our authority under the collateral order doctrine? Because the public is now being excluded from lots of Federal litigation for no reason whatsoever. And that's not correctable on entry of a final judgment? Well, as I said, there are problems with the entry of the final judgment. The public's already been excluded from an evidentiary hearing. The Respondent may not be able to communicate with the district attorney under the plain terms of this order. And that can prevent us from being able to properly defend the case. And so these are all problems that need to be addressed. And as I said, the district courts are confused about the scope of Biddeker. And the idea that there should be wholesale sealing of privileged materials is a bad precedent. Did you ask the district court to clarify anything about his ruling? Absolutely. We litigated this, and we made clear that the sealing of already public materials, that there was no reason for it whatsoever. But the Federal District Court appeared to believe that materials that are privileged ought to be sealed just because they're privileged. I know, with your permission, can I ask a question? Because I'm confused about the record. I may have asked this question wrong before. As I read the stipulated discovery order, it expressly covers all privileged matters that have previously been disclosed. Is that right? Not that have previously been disclosed. No. There's a stipulated discovery order. This is the August 9th order, right? Correct. Pursuant to Biddeker. It protects any privileged materials that Scott's compelled to discovery. It expressly covers matters that have previously been disclosed in the Federal habeas proceeding as any filed in large papers. And then a week later, La Decima comes down, right? I don't know the exact timing. But after the stipulated protective order. Okay. And that changes the playing field. So now you say to the court, well, we did stipulate to cover that stuff, but it's now all become public, and so why don't we get that stuff outside the protective order? Is that an unfair summary of what happened? I disagree. I think what happened here was the parties intended to enter a Biddeker protective order. Well, I understand. I understand you intended to enter a Biddeker protective order. But on its face, didn't the language of this order cover the documents we're now fighting about? Again, I don't want to be repetitive, but because it says pursuant to Biddeker in the very first line, that informs the entire rest of the protective order. Well, let me ask a question differently, and then I'll stop. If La Decima hadn't come down, would we be fighting about whether these documents were privileged? Whether they were privileged? Yeah. No. There's never been a disclosure. Oh, but whether they should be disclosed? Whether they should be disclosed? Well, no, because Biddeker had already been decided. And Biddeker said nothing about sealing. I understand. Okay. Fair enough. Let's thank you. Your time is up. We gave you a little extra time. We'll hear from the defense or Petitioner. You're a Respondent here, but actually you're a Petitioner in the district court. Not used to going second, are you? No. Very nice. May it please the Court, good morning, Your Honors. I'm Tracy Cassidio for Appellee James Scott. I'd like to clarify a few things that were just discussed. And I think the primary issue is to clarify just how narrow the challenge that the Warden is making really is. He's really only challenging the application of the protective order to materials that were previously filed in state court. And as Your Honor acknowledges, the protective order expressly protects those materials. Moreover, the protective order provided that Petitioner could create a privilege log specifying exactly which materials that had been previously filed would be subject to the protective order. I'm looking at the order, just so that I'm clear. The order did contemplate when entered that these materials would be covered. Correct. And then something happened in the California courts that changed the order. Well, I mean, LaDesma was published after the protective order was written. I'm not sure how that really plays into whether the materials should have been protected or not. Well, and put aside the merits. Wasn't the motion? You sort of argued that LaDesma would actually gave them protection, didn't have protection. The district judge first said, look, you're not protected. Right. Because it's in the public domain. Correct. So the state, happy with the claim that that's what the law is, you then come in and say, whoa, wait a minute. There's LaDesma. And so it's not in the public domain, really. Right. Practically speaking, that's what she said. Practically speaking. And it's not because any old person can just look at that order and say, well, it's clear. It's one way or the other. The district court, the first time around, thought it was pretty clear that that stuff was not covered. And then you say, yeah, but afterwards, LaDesma came down and it made it covered all of a sudden. Isn't that the way it goes? I mean, if you think about the timeline. Yes, that's exactly true, Your Honor. And I would say, I mean, the warden represented to this Court that there was never a controversy over whether these materials were privileged. But in fact, if you look at the two rounds of briefing in the district court, which are reproduced for you in the excerpts of record at page 59, you will see that, in fact, the warden did represent to the district court that the privilege had been waived by the public filing of documents in state court. And it was Petitioner who had to bring to the courts and to the warden's attention that there was use and unity for those materials under state law. Could you say that? Sure. That's what I'm saying, though. It's not that the State decided we've got to run in and narrow that order. It's that you all said, no, it's really broadened. So it's a different concept. Correct. Is it your position that it wasn't covered by the original order? I'm sorry? Is it your position that it wasn't covered by the original order? No, I believe it was covered by the original order. I think the question was, it has to have been privileged before it could be covered by that order. We all agree it's privileged. And so if the public filing in state court had eviscerated that privilege, then, of course, the order could not apply to those materials under Biddeker. However, because the privilege was extant, because of Ledesma, Biddeker could apply. What you've been describing in response to Judge Fernandez's question is sort of the judge's thought process, as you all argue to it. Exactly. He never disclosed the documents were never disclosed in the Federal proceeding. Oh, yeah. The documents were. In a sense, made public in the Federal proceeding. Actually, Your Honor, they were originally filed publicly in the Federal proceeding. And then sealed. And then sealed afterwards. That's right. So the judge's – the only decision the judge made with respect to these was to seal them, correct? Actually, it was to keep them sealed. Yeah, I understand. Yes. I understand. In other words, he didn't change his mind. No. Various arguments were made to him, and he said, well, I originally thought they weren't covered, but now that you've pointed out the California case, I think they are. And I think it's exactly that simple, Your Honor. The district court determines that the materials remain sealed, and I think in that case it's true. So to answer the question that I tried to ask your opponent, how are you hurt if they're unsealed? Your Honor, Scott retains a significant interest in the confidentiality of these materials regardless of the prior public filing. They do remain privileged. The whole policy behind Biddeker was that a broad waiver of the attorney-client privilege would affect the full and frank attorney-client communication at the time of a criminal trial. But in reality, these are now public documents in the State Procedure. Yes?  Correct, Your Honor. Okay. And so what do you gain by them being sealed in the Federal Procedure? We gain the continued protection without further eviscerating the confidentiality of the records. Sounds pretty speculative to me. So what does that mean? I don't understand. If the attorney general prosecuting or defending the habeas petition in district court wanted to discuss the counsel's testimony with the DA, could he do that? If the attorney general wanted to discuss, no. Why not? Because the Biddeker protective order prevents him from doing so. But, you know, would it be fair to assume that the DA might have already, in the State Court, held an evidentiary hearing and all of this came out in the State Court? Why couldn't the DA say, hey, you know, based on what happened in the State Court hearing, I have a few additional questions for you. I want to go over with you because we're preparing for a Federal evidentiary hearing. I think in that case, Your Honor, the DA would have to demonstrate to the State Court that he had a clear view of the proceedings, but through some other disclosure. And I just want to direct the Court's attention. Which State Court are you talking about? In the State Court habeas proceeding. Are we talking about State Court now? The State Court habeas proceeding. The State Court habeas proceeding. There was clearly no waiver there. And that does not waive it for future proceedings. I don't think Gladesma said that in the State Court proceeding, the Attorney General couldn't talk to the DA, did he? I agree, Your Honor. So what it said was you can't use this stuff in future proceedings, correct? Correct. In State Court. They said literally. In fact, they said trials in State Court. It wouldn't be really literal. You can't use it in a trial in State Court, right? But they also said that subject to Petitioner not waiving the privilege in the future. And so the DA could actually try to seek an admissibility of the materials based on a waiver that was not in the State habeas proceedings and that under the Federal protective order was not in the Federal habeas proceedings. So you may be making your opponent's case, but so it's your position that the State's lawyers in the Federal habeas proceeding can't talk to the DA about this material? Is that your position? AG. The AG can't talk to the DA? The Biddeker protective order provides that the AG would have to seek an order of the court in order to discuss the materials with the district attorney. So aren't you — doesn't that suggest that there really is harm to the State from this protective order? Because they — the materials are available to them in the Federal proceeding. They may be under seal. They want to make arguments based on them. And you're saying they can't talk to the people who know the most about them in order to make their arguments? Your Honor, I think the key question there is then why has the AG not sought an order from the district court permitting it to discuss the materials with the district attorney? Well, it sought an order from the district court saying these materials were privileged. It sought a broader order. But I'm not sure how you get to your argument. I'm having some difficulty figuring out why it is that the AG and the DA can't communicate about these materials. Tell me where in the protective order of Biddeker it says that. Your Honor, Biddeker actually provides that. I'm sorry? No, I think Biddeker does say that. Biddeker provides that. You can't go to the DA. There's a — yes. That the DA would have to obtain the materials from a source other than the attorney general. But that's the point. Yes. But if DA would have to get the materials somewhere else, right? Correct. But if — I mean, I think the law is pretty clear. They seem to be saying something different. But if the materials — Wait a second. Were not sealed. Yes. Let the judge ask the question. Okay. They have to get the stuff somewhere else. Sealed or not sealed is irrelevant. I think that's quite clear. If the information is really out there and they can get it, and the state courts will allow them to use the material in the state court that was submitted there, let's say it's the same thing. It's a document. It's the attorney's file, whatever you want to call it. The state court said you can take that information and use it, and that's a public record as far as we're concerned. Is it your position that that public record, when the state — when it's sealed in the district court proceeding, they can't say, well, we got it somewhere else? We didn't get it in the district court. We got it from the state court. All the district court can do is protect the information that you disclosed to them in the district court proceeding. Correct, Your Honor. If they get it somewhere else, they get it from a panhandler on the street or they get it on the Supreme Court's website or wherever they get it, they can take that and use it, can they not? What's to stop them from talking to the DA using that material, not this material? Ledesma, Your Honor. Hmm? Ledesma, I do believe that — Ledesma says you can't use it in a new trial. I'm sorry. You're giving me a hypothetical in which they have obtained the materials from perhaps a panhandler. They're still in Federal court having a big hassle on this habeas. But they got the information from somewhere else. It was given to them by someone else from someplace else, not from the Federal court record. They got it, and they want to talk to the DA about it. How does this — how does the order preclude that? I think I'm getting — How can it preclude it? How can the district court preclude them from using information that they got elsewhere, not from the district court? It actually can't, Your Honor. And I'm sorry. I didn't realize that that was the point that you were making. Yeah. That's the question that I was asking, too. It doesn't protect — it doesn't — No, Your Honor. It doesn't prohibit that use, does it? It only protects the materials that are part of the Federal habeas proceedings. When you say it protects them, it keeps them out of the public record. Correct. They're sealed. That's all it does. Correct. It doesn't prevent the AG from talking to the DA about those materials. About materials that it obtained from another source. No, Your Honor. Or the DA from calling up the AG and saying, hey, I know you're litigating with this guy. We've got a bunch — I've seen a bunch of public records here, and here's some stuff you ought to know. I think that it would be perfectly plausible. Certainly the DA is not bound by the protective order. So are you — so the whole purpose of this protective order is just to preserve the privilege? It's to preserve the confidentiality interest that still remains. It's to preserve the privilege. You're saying to the extent there's any privilege remaining, at least the Federal court won't be fouling it up. Correct. Is that putting — That's exactly right, Your Honor. Okay.  I know we've used up a lot of your time. Can you return to the Federal appealability issue? Yes, Your Honor. I think that the only interest that the warden has brought to your attention is the burden on the parties of protecting this material. And financial costs and burdens have never been sufficient to enlarge collateral jurisdiction under Section 1291A. Well, put aside the interest for a second. You both described the proceedings a little bit differently, but we have a stipulated protective order here that the judge eventually concludes covers these materials. Correct. He doesn't need a separate order expanding it, does he? Certainly not. So why is the judge's decision that the order protects these materials reviewable under the collateral order doctrine? It's not, Your Honor. There is no interest sufficient to justify broadening collateral review to a whole category of protective orders that are routinely granted in habeas. That would create substantial burdens on this Court. And if we wanted to review the issue, we could do it in any case where there was a contest about the protective order, couldn't we? Correct, Your Honor. And you could also do it in final review on this case. In this case, Biddecker acknowledged that the issues would remain live upon final review. But this is a strange case because we have a stipulated protective order. If we had a protective order that was entered over the State's objection, presumably it could appeal to us, could it not? Presumably under a writ of mandamus, I think that would be, there would be review. But I think the fact that there is a stipulated order in this case provides less reason for this Court to take the extraordinary measure of granting review in this case. These are simply very narrow issues that are going to affect a very broad, I'm sorry, a very narrow class of Petitioners. Okay. Thank you, Your Honor. You used all your time. Okay. So we got the point. Okay. Thank you, Your Honor. All right. Thank you.
judges: Fernandez, Paez, Hurwitz